**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HAJIE JAITEH,

*Petitioner*,

v.

ACTING FIELD OFFICE DIRECTOR, *et al.*,

*Respondents.*

Civil Action No. 26-12778

**OPINION**

November 20, 2026

**THIS MATTER** comes before the Court upon the Amended Petition for a Writ of Habeas Corpus filed by Petitioner Hajie Jaiteh ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 17.) Petitioner, a native and citizen of Gambia, challenges his detention by U.S. Immigration and Customs Enforcement ("ICE") at Delaney Hall Detention Facility in Newark, New Jersey. (*Id.*) Respondents filed an Answer asserting that Petitioner is detained pursuant to 8 U.S.C. § 1231(a), based on a final order of removal entered in 2008. (ECF No. 23.) Following the Court's Text Order directing supplemental briefing concerning the likelihood of Petitioner's removal in the reasonably foreseeable future (ECF No. 32), Respondents submitted a Supplemental Letter (ECF No. 36). Petitioner filed a Reply. (ECF No. 38.)

For the reasons set forth below, the Amended Petition (ECF No. 17) is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner entered the United States on or about January 10, 1998, as a B-1 visitor for business, with authorization to remain until April 9, 1998. (ECF No. 23 at 1.) After overstaying his visa, Petitioner was placed in removal proceedings. (*See id.*) On October 7, 2008, an

immigration judge ordered Petitioner removed from the United States. (ECF No. 23-2.) The immigration judge also addressed Petitioner's application for withholding of removal to Gambia. (*Id.*) The parties dispute the precise effect of that determination. (*See* ECF Nos. 23, 36-1 ¶ 4; ECF No. 38.)

On October 19, 2020, Petitioner filed a motion to reopen his removal proceedings, which the immigration judge denied on May 10, 2021. (ECF No. 36-1 ¶ 6.) Petitioner appealed that determination to the Board of Immigration Appeals ("BIA") on June 4, 2021. (*Id.* ¶ 7.) On April 22, 2025, the BIA dismissed the appeal. (*Id.* ¶ 8.) Respondents accordingly maintain that Petitioner remains subject to a final order of removal. (ECF No. 23.)

Petitioner alleges that he has resided continuously in the United States since 1998, has never departed the country, and has no criminal history. (*See* ECF No. 17 ¶¶ 1–2, 16.) He further alleges that, in September 2025, U.S. Citizenship and Immigration Services approved an I-130 immigrant visa petition filed on his behalf by his United States-citizen daughter. (*Id.* ¶ 12.) On September 22, 2026, approximately eighteen years after the entry of the removal order, ICE arrested Petitioner pursuant to a warrant of removal. (ECF No. 23 at 2.) Respondents acknowledge that Petitioner has no known criminal history. (*Id.*)

On September 22, 2026, Petitioner filed this habeas action in the United States District Court for the Southern District of New York, together with an emergency Motion for a Temporary Restraining Order. (ECF Nos. 1–2.) The Honorable Lewis J. Liman entered an order prohibiting Petitioner's removal and restricting his transfer pending further proceedings. (ECF No. 3.) Following a conference before the Honorable Denise L. Cote, the parties stipulated to transfer the action to this District. (ECF Nos. 5, 12.) On September 29, 2026, the Honorable Chief Judge Renee Marie Bumb entered an order enjoining Respondents from transferring Petitioner from New

Jersey pending further order of the Court. (ECF No. 15.)

On September 30, 2026, the Court reviewed the Petition and directed Respondents to identify an independent statutory basis for Petitioner's detention or any criminal history that would support continued custody. (ECF No. 20.) In doing so, the Court determined that 8 U.S.C. § 1225(b)(2)(A) did not authorize Petitioner's mandatory detention under the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). (*Id.*) The Court further directed that, absent a sufficient alternative basis for detention, Respondents release Petitioner within twenty-four hours. (*Id.*)

Respondents thereafter asserted that Petitioner was detained pursuant to 8 U.S.C. § 1231(a), based on the 2008 removal order. (ECF No. 23.) They maintained that Petitioner's detention was presumptively reasonable because he had been detained for only thirteen days. Respondents also represented that Petitioner was subject to a final order of removal and that ICE could effectuate that order. (*Id.*)

Upon reviewing the Answer (ECF No. 23) and Petitioner's Reply (ECF No. 27), the Court directed Respondents to address the status and effect of the withholding-of-removal determination and whether Petitioner's removal was significantly likely in the reasonably foreseeable future. (ECF No. 32.) In particular, the Court requested information concerning travel-document requests, communications with any proposed destination country, and removal arrangements. (*Id.*)

In their supplemental submission, Respondents maintained that Petitioner's removal was significantly likely in the reasonably foreseeable future. (ECF No. 36.) They represented that, although Petitioner had been granted withholding of removal to Gambia, ICE had identified Ghana as a third-country destination. (*Id.* at 2, ECF No. 36-1 ¶¶ 4, 14.) Respondents further asserted that Petitioner had previously been approved and scheduled for removal to Ghana, that ICE began

securing the necessary documents following his September 22, 2026 arrest. (*Id.* ¶¶ 9–10.) Respondents stated that ICE would attempt to effectuate removal once the Court's no-transfer order was lifted. (*Id.* ¶ 14.)

Petitioner responds that removal to Gambia is prohibited by the withholding determination and that Respondents have failed to establish that Ghana has agreed to accept him or that any concrete arrangements exist for his removal. (ECF No. 38.) He also argues that ICE could not lawfully re-detain him based on circumstances that arose only after his September 22, 2026 arrest. (*Id.* at 1–3.)

## II. **LEGAL STANDARD**

A district court may entertain a petition for a writ of habeas corpus brought by a person who is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Section 2241 remains an available vehicle for challenging the legality of post-removal-period immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

Following entry of a final order of removal, detention is governed by 8 U.S.C. § 1231. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021); *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208, 214–15 (3d Cir. 2018). Section 1231(a)(1)(A) generally requires the Government to remove a non-citizen within a ninety-day removal period. During that period, detention is mandatory. 8 U.S.C. § 1231(a)(2). If the non-citizen is not removed during that period, the Government may continue detention under § 1231(a)(6), subject to constitutional limitations.

In *Zadvydas*, the Supreme Court construed § 1231(a)(6) to limit post-removal-period detention to the period reasonably necessary to accomplish removal. 533 U.S. at 689, 699. The Court explained that detention may not continue indefinitely where removal is not reasonably

foreseeable. *Id.* at 699. To guide that inquiry, the Court established a six-month period of presumptively reasonable detention. *Id.* at 701. After that period, once a non-citizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing. *Id.*

The inquiry is ultimately practical and individualized. The relevant question is whether removal is significantly likely in the reasonably foreseeable future, not whether removal is theoretically possible at some indefinite point. *Id.* at 699–701. In assessing the reasonableness of detention, courts must consider the statute's basic purpose: assuring the individual's presence at the moment of removal. *Id.* at 699.

The Third Circuit has likewise recognized that detention under § 1231 must remain consistent with the statutory purpose of effectuating removal and the constitutional limitations recognized in *Zadvydas*. *See Guerrero-Sanchez*, 905 F.3d at 224–26. Although *Guerrero-Sanchez* addressed the procedural protections required during prolonged detention, its reasoning confirms that § 1231(a)(6) does not confer unlimited detention authority.

## III. DISCUSSION

Respondents contend that Petitioner's detention is lawful because he has been detained for fewer than six months pursuant to a final order of removal. (ECF No. 23 at 2.) They further maintain that his removal to Ghana is significantly likely in the reasonably foreseeable future. (ECF No. 36.) The Court is not persuaded.

### A. The Six-Month Presumption Does Not Automatically Restart Upon Rearrest.

Respondents' reliance on the thirteen days Petitioner had spent in ICE custody when they filed their Answer is misplaced. The six-month presumption recognized in *Zadvydas* was intended

to provide the Government a reasonable opportunity to effectuate removal following the expiration of the statutory removal period. 533 U.S. at 701. It was not intended to provide the Government with a new six-month period of presumptively reasonable detention each time it elects to take an individual back into custody years after the removal period has expired.

As the District of New Jersey recently explained in *Egharevba v. Benzel*, No. 26-10628, 2026 WL 2655018, at *3–5 (D.N.J. Sept. 9, 2026), *Zadvydas* does not squarely address the circumstances presented when the Government releases an individual under an order of supervision and then rearrests that individual many years after the removal period has expired. The court concluded that the six-month presumption does not automatically restart in those circumstances. Rather, the Government must demonstrate that renewed detention is reasonably necessary to effectuate removal. *Id.* at *4–5.

That reasoning is persuasive here. The removal order at issue was entered on October 7, 2008. (ECF No. 23-2.) Respondents do not identify any intervening criminal conduct or other circumstance suggesting that Petitioner presents a danger to the community. Indeed, they affirmatively report that he has no known criminal history. (ECF No. 23 at 2.) Nor do Respondents explain why, after allowing Petitioner to remain in the United States for nearly eighteen years following entry of the removal order, detention suddenly became necessary in September 2026.

The Court recognizes that the record does not establish the precise terms or regulatory basis of any prior release from ICE custody. Nevertheless, the passage of nearly eighteen years between the removal order and the present detention, together with the absence of any identified criminal history, makes clear that Respondents cannot establish the reasonableness of current detention merely by counting the days since Petitioner's recent arrest.

Moreover, even assuming that the ordinary burden-shifting framework of *Zadvydas*

applies, Petitioner has provided good reason to believe that removal is not significantly likely in the reasonably foreseeable future. (*See* ECF No. 27.) The underlying removal order has remained outstanding since 2008, and the record reflects that Petitioner was granted withholding of removal to Gambia. (*Id.* at 1.) Respondents identify no completed removal arrangement to another country predating his arrest. (*See* ECF No. 23.) These circumstances are sufficient to require Respondents to produce evidence establishing a significant likelihood of removal. *See Zadvydas*, 533 U.S. at 701; *Egharevba*, 2026 WL 2655018, at *5.

### B. Respondents Have Not Established That Removal to Ghana Is Significantly Likely in the Reasonably Foreseeable Future.

Respondents' supplemental submission does not satisfy their burden. (*See* ECF No. 36.)

The record indicates that Petitioner was granted withholding of removal to Gambia in connection with the October 7, 2008 removal proceedings. (ECF Nos. 23-2, 36-1 ¶ 4.) Although Respondents suggest that the withholding application was withdrawn (ECF No. 23 at 1, Ex. 2), their supplemental declaration affirmatively describes withholding as having been granted (ECF No. 36-1 ¶ 4). The BIA's April 22, 2026 dismissal of Petitioner's appeal from the denial of his motion to reopen does not, standing alone, establish that the prior withholding determination was vacated or terminated. (ECF No. 36-1 ¶ 8.) Accordingly, the Court has no basis on this record to conclude that Petitioner may lawfully be removed to Gambia.

The Court need not, however, resolve the precise scope or continuing validity of the withholding determination to decide the present Petition. Even assuming that Respondents may lawfully pursue removal to Ghana, they have not adequately demonstrated that such removal is significantly likely in the reasonably foreseeable future.

Respondents state that Petitioner was previously approved and scheduled for removal to

Ghana. (ECF No. 36 at 2.) They further represent that ICE began securing necessary documents after his September 22, 2026 arrest. (ECF No. 36-1 ¶¶ 9–10.) But Respondents do not identify when Ghana approved Petitioner's admission, when any travel documents were requested or issued, whether Ghana has affirmatively agreed to accept Petitioner, or when removal is expected to occur. (*See* ECF No. 36.)

These omissions are material. The Court specifically directed Respondents to provide information concerning travel-document requests, communications with any proposed destination country, and removal arrangements. (ECF No. 32.) Respondents' generalized assertion that Petitioner was previously approved and scheduled for removal to Ghana does not adequately answer those questions. Nor does their representation that ICE will attempt removal once the no-transfer order is lifted establish that removal is presently imminent or otherwise significantly likely in the reasonably foreseeable future. (*See* ECF No. 36-1.)

The Court does not hold that the Government must always identify a specific removal date or produce a confirmed airline reservation to satisfy *Zadvydas*. But where, as here, the proposed destination is a third country and the Government's own submission indicates that it began securing removal documents only after the individual was detained, some concrete evidence of the proposed country's acceptance and the actual progress of removal arrangements is necessary. A statement of intent, without meaningful supporting detail, is insufficient.

Indeed, the Third Circuit has emphasized that detention under § 1231(a) must be tied to the Government's legitimate objective of effectuating removal. *Guerrero-Sanchez*, 905 F.3d at 224–26. The Supreme Court similarly cautioned that the prospect of eventual removal, without a significant likelihood of removal in the reasonably foreseeable future, cannot sustain continued detention. *Zadvydas*, 533 U.S. at 699–701.

Accordingly, Respondents have not demonstrated that Petitioner's removal to Ghana is significantly likely in the reasonably foreseeable future.

### C. Release Is the Appropriate Remedy.

The Court is mindful that the Government possesses substantial authority to enforce final orders of removal. But that authority is not unlimited. The Supreme Court has made clear that the Fifth Amendment's protections extend to all persons within the United States, including noncitizens, and that civil immigration detention must remain reasonably related to its authorized purpose. *Zadvydas*, 533 U.S. at 693–96.

Petitioner has been subject to a removal order since October 2008. He alleges that he has resided continuously in the United States since 1998, has no criminal history, and has substantial family ties here, including a United States-citizen daughter whose I-130 petition on his behalf was approved in September 2025. (ECF No. 17.) Respondents do not dispute his lack of known criminal history. (ECF No. 23 at 2.) Yet they have failed to establish that his removal to any identified country is significantly likely in the reasonably foreseeable future. (ECF No. 36.)

Therefore, the Court concludes that continued detention is not authorized by § 1231(a)(6) under the circumstances presented. *See Zadvydas*, 533 U.S. at 699–701; *Egharevba*, 2026 WL 2655018, at *5. Because the record does not establish a lawful basis for continued detention, release is warranted.

This determination does not vacate Petitioner's final order of removal, adjudicate the merits of his underlying immigration proceedings, or prevent Respondents from pursuing lawful removal arrangements in the future. Nor does the Court decide whether Petitioner may ultimately be removed to Ghana or another third country. Those questions are distinct from whether his present detention is lawful.

## IV. CONCLUSION

For the foregoing reasons, the Amended Petition for a Writ of Habeas Corpus (ECF No. 17) is **GRANTED**. Respondents shall release Petitioner from immigration custody within twenty-four (24) hours of the entry of the accompanying Order. Respondents shall file a letter confirming Petitioner's release within three (3) days of the entry of the Order.

An appropriate Order follows.

**Hon. Karen M. Williams,**
**United States District Judge**